**In re: Yvonne CARRASCO, Debtor.**

**No. 3:07–bk–3273–JAF.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 19, 2008.

Peggy McNew Ballweg, Florida Default Law Group, Tampa, FL, Alane Ann Becket, Becket & Lee LLP, Malvern, PA, Chad D. Heckman, James E. Sorenson, Williams Gautier Gwynn & Deloach PA, Tallahassee, FL, Mark S. Kessler, Jacksonville, FL, Michael McCormick, McCalla Raymer, Roswell, GA, Damian A. Valladares, Law Offices of David J. Stern PA, Plantation, FL, for Creditors.

Todd W. Henry, Todd W. Henry Law Office, Orange Park, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon the Chapter 13 Trustee's Objection to Confirmation of Debtor's Plan. At the conclusion of the hearing held on May 6, 2008, the Court Sustained the Trustee's Objection. In accordance with its ruling, the Court issues the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On July 31, 2007, Debtor filed a petition under Chapter 13 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[1] On February 1, 2008, Debtor filed an Amended Chapter 13 Plan, which contains the language that is the subject of the instant dispute.

On February 27, 2008, the Trustee filed an Objection to Confirmation of Debtor's Plan upon the basis that the language contained within Paragraph 15 of the Amended Plan did not comply with BAPCPA and that the plan also failed to provide for the best interests of the creditors. The objectionable language contained within Paragraph 15 states: "[A]ny and all past, present, and future federal, state, and/or local tax refunds due and paid to the debtor(s) during or after the course of this plan as a result of reasonable withholdings, shall be the sole and exclusive property of the debtor(s)." On May 6, 2008, Debtor filed a Second Amended Plan. The plan, however, still contained the objectionable language, now set forth within Paragraph 16 instead of Paragraph 15.

At the hearing held on May 6, 2008, the parties announced that the Trustee's objection as to the best interests of the creditors was resolved. Thus, the only issue remaining before the Court was whether or not the language proposed by Debtor in Paragraph 16 of her Second Amended Plan complied with the requirements of a Chapter 13 Debtor under BAPCPA.

## CONCLUSIONS OF LAW

The primary issue before the Court for its determination is whether the Debtor's future tax refunds constitute funds that may be treated as projected disposable income subject to administration by the Trustee. Debtor maintains that her future tax refunds are not necessary to fund the plan as they are speculative in nature. Conversely, the Trustee argues that the Debtor's future tax refunds should be distributed to the unsecured creditors.

Pursuant to 11 U.S.C. § 541(a) when a debtor files a petition in bankruptcy an estate is created that is comprised of all a debtor's equitable or legal interests in property as of the petition date, which is referred to as "property of the estate." 11 U.S.C. § 541(a). In Chapter 13 cases, "property of the estate" is defined in a broader fashion. Pursuant to § 1306(a), this includes all a Chapter 13 debtor's post-petition equitable or legal interests, as well as earnings the debtor has made from performing services, after the commencement of the case but before the case is closed, dismissed or converted to a case under chapter 7, 11 or 12. 11 U.S.C. § 1306(a). Additionally, § 1327(b), which dictates what happens to property of the estate upon confirmation, provides that: "[E]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b).

■ The Eleventh Circuit has held that property of the estate re-vests with the debtor at confirmation unless (i) the plan or the confirmation order provides otherwise, or (ii) the assets are necessary to fund the plan. *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1340 (11th Cir.2000). Thus, pursuant to the controlling precedent set forth in *Telfair*, a bankruptcy court relinquishes control of what would otherwise qualify as "property of

**1.** Debtor's Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Means Test") indicates that she has a below median income.

the estate" if the court confirms a Chapter 13 Plan that fails to include such property or if the property is not necessary to the funding of the debtor's plan.

 In February of 2007, a bankruptcy court in the Orlando Division of the Middle District of Florida addressed the issue of whether a debtor's future income tax refunds constituted "projected disposable income" subject to administration by the Chapter 13 Trustee. *In re LaPlana*, 363 B.R. 259 (Bankr.M.D.Fla.2007). In *La-Plana*, the court held that the debtor's future tax refunds constituted "projected disposable income" and accordingly denied the debtor's motion for reconsideration. *Id.* at 263. In reaching its holding, the court reasoned that when a court requires the turnover of such funds to the Chapter 13 Trustee "a court is simply correcting a debtor's error of overestimating his or her tax liability made when completing the means test." *Id.* at 267. The court also stated that a "debtor's future federal income tax refund is easily included in the comprehensive definition of property of the estate under §§ 541(a) and 1306(a) and (b)." *Id.* at 262.

 The Court agrees with the holding reached by the court in *LaPlana* and adopts the reasoning set forth in the court's opinion. Further, it is the belief of this Court that it was Congress' intent when it passed BAPCPA to get as much money to unsecured creditors as possible and accordingly the Court looks to what is on the table at the time of confirmation.[2] Accordingly, whether or not a debtor's future income tax refunds will be considered "disposable income," needs to be deter-

mined on a case by case basis.[3] For instance, although a debtor may receive a tax refund, the increase in cost of living expenses may make it so that the debtor would merely be breaking even. Alternatively, a debtor may have experienced a decrease in monthly living expenses, which would accordingly result in the tax refund being administered by the Trustee for the benefit of creditors of the estate. Therefore, although "projected disposable income" is a fluid concept, it is clear under the law, that future tax refunds constitute "property of the estate" and accordingly fall within the purview of what may be considered "disposable income."

### CONCLUSION

Based upon the above, the Court finds that Debtor's future post-petition tax refunds are property of the estate and *may* be considered part of her projected disposable income. Accordingly, the Trustee's Objection is Sustained and the language contained within Paragraph 16 of the Amended Plan is stricken. The Court will enter a separate order that is consistent with these Findings of Fact and Conclusions of Law.

---

2. If the Court were to allow the language proposed by Debtor to remain in the plan, it would be in direct contravention of this policy.

3. This requires the Trustee to monitor the cases before him to determine whether all projected disposable income received by a debtor during the applicable commitment period is being applied to the plan payments for distribution to the unsecured creditors.